STATE of Iowa, Appellee,

v.

Robert Ray GETTIER, Appellant.

No. 87–1809.

Supreme Court of Iowa.

March 22, 1989.

Raymond E. Rogers, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Mary E. Richards, County Atty., and Douglas R. Marek, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and ANDREASEN, JJ.

SCHULTZ, Justice.

Defendant Robert Ray Gettier was convicted in a jury trial of sexual abuse in the third degree, in violation of Iowa Code section 709.4. He raises two issues on appeal. First, Gettier complains that he was not permitted to introduce evidence of the complainant's statement concerning her involvement in sex acts on the night in question. Second, he urges that it was error to permit expert testimony of post-traumatic stress symptoms commonly found in sexual abuse victims. We find no error and affirm.

Defendant and the complainant had been social friends for several months. They were regular participants in group partying which occurred at several bars and in private residences after bar hours.

The victim spent the evening of June 13, 1987, drinking and playing foosball with her boyfriend at various bars until they closed. The couple argued over whether they should go to an after-hours party. The complainant decided to go to the party alone.

At the party, the complainant testified that she went outside with a group, including the defendant, to smoke a marijuana cigarette in the parking lot. She maintains the defendant invited her to come examine

his remodeled van. Once inside, the complainant asserts that the defendant forced her to engage in sexual intercourse.

Defendant disputes this version of the event. Gettier urges that he was attempting to help the complainant find her lost purse. He testified that when he took a break from the search to use the bathroom, the complainant walked in and began talking to him in broken sentences. He maintains that he later found her sitting in someone else's car, complaining about a pain in her knee. He then helped her into his van where she removed his shorts and they engaged in consensual intercourse.

The state's witnesses testified to complainant's physical and mental condition and the appearance of her clothes and hair after the alleged sexual abuse. Defendant's witnesses, on the other hand, testified that at the time complainant arrived at the party, she was babbling, intoxicated, and in a hyperactive state. By their verdict, the jury chose to believe the complainant's version.

### I. *Suppression of the complainant's alleged statement.*

Defendant claims that the court denied his due process rights by suppressing a witness' testimony stating that after the complainant had emerged from defendant's van, "she told me she had sex with two men that day."

Defendant sought to introduce this testimony in a motion filed pursuant to our "rape shield law," Iowa Rule of Evidence 412. This rule provides in pertinent part:

(b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of sexual abuse, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is:

(1) admitted in accordance with subdivisions "c"(1) and "c"(2) and is constitutionally required to be admitted; or

(2) admitted in accordance with subdivision "c" and is evidence of:

(A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or

(B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which sexual abuse is alleged.

. . . .

(d) For purposes of this rule, the term "past sexual behavior" means sexual behavior other than the sexual behavior with respect to which sexual abuse is alleged.

In his motion, defendant sought the aid of rule 412(b)(2)(B). He obtained a hearing "to determine whether the evidence that the defendant seeks to offer is relevant, and that the probative value of such evidence outweighs the danger of unfair prejudice." *See* Rule 412(c) (pre-trial procedure for hearing on the admissibility of the complainant's past sexual conduct).

At the hearing, defendant's witness stated the complainant made the statement to him after she had emerged from the van. The complainant testified that she did not remember making the statement and denied having engaged in a second act of intercourse either that night or the day before. The defendant urged that the evidence was relevant to the issue of consent. At a renewed hearing, he claimed relevancy because it "goes to her credibility, the credibility of other statements which she makes . . . and [defendant's right of] cross-examination of the witness."

The trial court adopted the earlier pre-trial ruling, made by another judge, holding that rule 412(b)(2)(B) is inapplicable and that the unfair prejudice of the purported evidence outweighs its probative value, if any. By grounding defendant's motion on rule 412(b)(2)(B), a confusing and contradictory request was presented to the trial court. Rule 412(b) generally prohibits evidence of the complainant's past sexual behavior. However, the exception relied upon, rule 412(b)(2)(B), allows the introduction of such behavior with the accused on

the issue of consent. The statement sought to be admitted was, at least in regard to the accused, not past sexual behavior. The rule defines past sexual behavior as "sexual behavior *other than* the sexual behavior with respect to which sexual abuse is alleged." Rule 412(d) (emphasis added). Although the statement referred to two sexual acts, it is undisputed that only one act occurred between the parties and presumably this was the act to which the statement referred. Because that act is the basis of the sexual abuse charge, neither rule 412(b) nor the exception apply. Defendant asked for relief under a rule and its exception that are inapplicable to the offered evidence. Because rule 412(b)'s general prohibition is inapplicable, it is improper to suppress the evidence on the basis that the rule's exception did not apply.

The portion of the statement referring to a second sex act, presumably with another person, clearly falls within rule 412(b)'s prohibition of evidence of the victim's past sexual behavior. The only possible exception which would allow the admission of this portion of the statement is rule 412(b)(2)(A), allowing evidence of past sexual behavior to show the source of semen or injury. However, because there is no dispute as to whether intercourse between the complainant and defendant took place, the source of semen is not in issue. Therefore, this portion of the statement is irrelevant and thereby inadmissible.

In summary, the portion of the statement referring to defendant was not rendered inadmissible by rule 412(b). The portion of the statement regarding past sexual behavior with a third person is inadmissible under rule 412(b) with no applicable exceptions. Evidence may be admissible for one purpose even though inadmissible for some other purpose. *See Lemke v. Mueller*, 166 N.W.2d 860, 871 (Iowa 1969).

A determination that the evidence is admissible under rule 412 does not end our inquiry. The trial court also held the evidence inadmissible on the alternate ground "that the potential unfair prejudice of the purported evidence is so prejudicial as to outweigh the probative value, if any." Iowa Rule of Evidence 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Defendant urges that the evidence is only prejudicial to the State in the sense that all evidence against an adverse party is prejudicial. Defendant argues this evidence's probative value lies in its reflection on complainant's credibility and is necessary to effectively cross-examine her.

The trial court must perform a balancing process under rule 403. This determination lies in the discretion of the trial court, which we will reverse only upon an abuse of that discretion. *State v. Munz*, 355 N.W.2d 576, 580 (Iowa 1984); Iowa R.Evid. 403 advisory committee's comment.

We find no abuse of discretion in this case. The statement had some probative value. It could be used to impeach the complainant's credibility by showing her attitude bearing on the issue of consent. Defendant called this witness who testified to the complainant's conduct, attitude, appearance and manner of speaking. However, the complainant testified concerning intercourse with defendant. We do not believe that defendant can complain that he was not allowed to cross-examine the complainant on otherwise inadmissible evidence of past sexual behavior.

We disagree with the defendant concerning the matter of prejudice. The portion of the statement referring to another act of intercourse falls under the rape shield law as evidence of "past sexual behavior." We have stated that the purposes of the rape shield law are to (1) protect the privacy of the victims; (2) encourage the reporting and the prosecuting of sex offenses; and (3) to prevent time-consuming and distracting inquiry into collateral matters. *State v. Clarke*, 343 N.W.2d 158, 161–62 (Iowa 1984) (*citing State v. Ogilvie*, 310 N.W.2d 192, 195 (Iowa 1981)). The alleged second act of intercourse had no relation to this

act. However, it may have the unfair prejudicial effect of causing the jury to conclude that the complainant was a bad person. Evidence of other acts will be excluded if relevant only to show that the individual is a bad person, capable of committing bad acts. *State v. Roth*, 403 N.W.2d 762, 765 (Iowa 1987); Iowa R.Evid. 404(b). The portion of the statement concerning her sex with another person and its insinuation that she is a bad person is unduly prejudicial.

We cannot say the trial court abused its discretion in weighing the probative value of this statement against its prejudicial effect. The trial court's ruling was well within its discretion.

We likewise find no merit in defendant's claim that he was denied a fundamental element of due process of law. We rejected the contention that the rape shield law violated the right of confrontation and due process in *State v. Clarke*, 343 N.W.2d 158, 161 (Iowa 1984), stating:

> Evidence that is irrelevant is not constitutionally required to be admitted. Further, the trial court has a duty to protect a witness from questions which go beyond the bounds of proper cross-examination, merely to harass, annoy, or humiliate. Even relevant evidence is not constitutionally required to be admitted if the prejudicial effect outweighs the probative value.

*Id.* (citations omitted). We think the quoted language is equally applicable here.

## II. *Expert testimony on post-traumatic stress disorder.*

■ The trial court admitted the expert testimony of a psychologist who holds a master's degree in counseling and is a certified clinical associate of the American Board of Medical Psychotherapists. She was allowed to testify to the classic characteristics that are exhibited after people have experienced a trauma. Her testimony was framed in a general context, equally applicable to any major trauma such as natural disasters, combat/wartime encounters, muggings or sexual assault. While her testimony centered around a particular aspect of this syndrome, commonly described as "rape trauma syndrome," *see State v. Myers*, 382 N.W.2d 91, 95 (Iowa 1986), this term was not specifically referred to in the trial. She listed numerous symptoms such as fear of staying alone, sleep disturbances, social and sexual impairment and hyperalertness. Post–Traumatic Stress Disorder (PTSD) is recognized by the American Psychiatric Association in its *Diagnostic & Statistical Manual of Mental Disorders* (3d ed. 1980) (DSM III). There was independent evidence presented that the victim exhibited some of the listed symptoms.

Defendant's objection to the introduction of this evidence is based on Iowa Rules of Evidence 702 and 403. He first asserts that this testimony is irrelevant because it will not "assist the trier of fact to understand the evidence or to determine a fact in issue." Iowa R.Evid. 702. In the alternative, defendant urges that even if the evidence was relevant, its probative value is outweighed by its unfair prejudicial effect. Iowa R.Evid. 403.

We have not previously passed upon the admissibility of such testimony. In *Myers*, we disallowed expert evidence expressing the opinion that children generally tell the truth about sexual abuse. *Id.* at 98. In our general discussion, we briefly reviewed the conflicting rulings from other jurisdictions regarding testimony that the complaining witness was suffering from PTSD and discussed such testimony in child sex-abuse cases. *Id.* at 96–97. We summarized, "it seems that experts will be allowed to express opinions on matters that explain relevant mental and physiological symptoms present in sexually abused children." *Id.* at 97.

There is a sharp disagreement among various jurisdictions on the admissibility of expert testimony describing "rape trauma syndrome." *Compare State v. Kim*, 64 Haw. 598, 645 P.2d 1330, 1338 (1982) (child psychiatrist allowed to testify that child's conduct consistent with other rape victims); *State v. Marks*, 231 Kan. 645, 654, 647 P.2d 1292, 1299 (1982) (rape trauma syndrome is result of a sexual assault and is both de-

tectable and reliable; that an assault took place is relevant to issue of consent); *State v. Liddell*, 211 Mont. 180, 685 P.2d 918, 923 (1984) (on issue of consent, expert's testimony that rape caused PTSD admissible); *People v. Taylor*, 142 A.D.2d 410, 417–418, 536 N.Y.S.2d 825, 830 (1988) (admission of rape trauma syndrome evidence consistent with increased tendency of the court to accept testimony of behavior which may not be commonly understood by every juror); *State v. Whitman*, 16 Ohio App.3d 246–247, 475 N.E.2d 486, 488 (1984) (admissible to corroborate complainant) *with People v. Bledsoe*, 36 Cal.3d 236, 246–51, 681 P.2d 291, 298–301, 203 Cal.Rptr. 450, 457–60 (1984) (testimony inadmissible to prove rape occurred); *People v. Pullins*, 145 Mich.App. 414, 421, 378 N.W.2d 502, 505 (1985) (inadmissible to prove rape occurred); *State v. Saldana*, 324 N.W.2d 227, 229–30 (Minn.1982) (testimony produces an extreme danger of unfair prejudice and its reliability does not surpass the quality of jury's common sense evaluation); *State v. Taylor*, 663 S.W.2d 235, 237–42 (Mo.1984) (syndrome not sufficiently based on accepted or sound scientific techniques; term connotes rape and is unduly prejudicial); *State v. Black*, 109 Wash.2d 336, 342–50, 745 P.2d 12, 16–19 (1987) (rape trauma syndrome not accepted in scientific community and is prejudicial as essentially an opinion of guilt).

Some jurisdictions have allowed rape trauma syndrome or similar testimony under special circumstances. *People v. Server*, 148 Ill.App.3d 888, 898–99, 102 Ill.Dec. 239, 246, 499 N.E.2d 1019, 1026 (1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 131, 98 L.Ed.2d 88 (1987) (admissible on rebuttal for limited purpose of showing how minor victims react); *Simmons v. State*, 504 N.E.2d 575, 579 (Ind.1987) (when victim gave inconsistent statements, expert allowed to testify that victim's behavior was consistent with rape trauma syndrome); *State v. Staples*, 120 N.H. 278, 282, 415 A.2d 320, 322 (1980) (where defense was memory loss and fabrication, testimony allowed that memory loss not unusual among rape victims); *People v. Reid*, 123 Misc.2d 1084, 1087–88, 475 N.Y.S.2d 741, 743 (Sup.

Ct.1984) (in response to defendant's evidence that complainant recanted, proper to use expert testimony that this is a common characteristic of rape trauma syndrome).

Other jurisdictions have allowed testimony of expert witnesses on PTSD if the term rape trauma syndrome was not used. *State v. Allewalt*, 308 Md. 89, 109, 517 A.2d 741, 751 (1986) (testimony that victim suffered from PTSD caused by rape admissible). Although the *Bledsoe* court excluded the evidence, it indicated that expert testimony would be admissible to explain some of the the victim's conduct after the incident, such as delay in reporting. 36 Cal.3d at 247, 681 P.2d at 298, 203 Cal. Rptr. at 457. The Missouri court similarly indicated that a properly qualified expert might testify to characteristics consistent with those resulting from a traumatic stress reaction such as rape. *Taylor*, 663 S.W.2d at 240. The Missouri Court of Appeals also allowed an expert to testify on the psychological effects and reactions of a rape victim while not actually stating that the victim suffered from rape trauma syndrome or that she had been raped. *State v. Ogle*, 668 S.W.2d 138, 143–44 (Mo.App.), *cert. denied*, 469 U.S. 845, 105 S.Ct. 154, 83 L.Ed.2d 91 (1984). The Washington court similarly allowed an expert to state a diagnosis of rape trauma syndrome consistent with violence in a case of delayed reporting. *State v. Ciskie*, 110 Wash.2d 263, 277–281, 751 P.2d 1165, 1173–74 (1988). Another jurisdiction allowed a treating psychiatrist to testify that the complainant's mental state was consistent with the experience she described to him, a sexual assault. *State v. Huey*, 145 Ariz. 59, 62, 699 P.2d 1290, 1293 (1985). Although the Arizona court admitted that the doctor was describing rape trauma syndrome, it approvingly noticed that the doctor never used the term and that the evidence was admissible to show lack of consent.

Our review of the case law indicates that the majority of jurisdictions find no abuse of discretion in the admission of expert testimony limited to an explanation of the effects of PTSD and the typical reaction of a rape victim. This is an almost unanimous

uniform rule when the expert neither uses the term "rape trauma syndrome" nor offers an opinion on whether the victim had been raped. However, if the expert testifies on these two matters, the courts are approximately evenly split on the admissibility of such evidence.

The testimony in the present case showed only the typical symptoms exhibited by a person after being traumatized. Independent evidence showed that the complainant had experienced some of the symptoms of PTSD. Consequently, the evidence was relevant as tending to show that she had been traumatized. We see little, if any, prejudicial effect in the admission of this testimony. The more prejudicial term rape trauma syndrome was not used. We do not believe the evidence misleads the jury. In fact, there is little, if any, in the testimony which is not within the jury's own common sense evaluation. We believe that the admissibility of the testimony was a matter within the trial court's discretion.

AFFIRMED.