**STATE of Iowa, Appellee,**

v.

**Michael J. DODSON, Appellant.**

**No. 88–1164.**

Court of Appeals of Iowa.

Dec. 21, 1989.

William L. Wegman, State Public Defender, and James F. Whalen, Asst. State Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., and Michael P. Short, Lee County Atty., for appellee.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

In this appeal by defendant-appellant Michael J. Dodson from his conviction of two

counts of sexual abuse, we address issues of the victim's competency to testify and admission of testimony concerning a syndrome termed "Child Sexual Abuse Accommodation Syndrome." We affirm the conviction.

The defendant was accused of sexually abusing the four-year-old daughter of his live-in girlfriend. The incidents occurred at defendant's home when he was taking care of the child while her mother worked.

At trial, the defendant presented evidence that after the dates of the alleged abuse, the child had not seemed unhappy or afraid in his presence. In response to this evidence, the State presented rebuttal testimony by a psychologist to attempt to rebut this evidence. The jury returned a guilty verdict. Defendant appeals, contending (1) the trial court abused its discretion in finding the victim competent to testify and (2) the trial court erred in allowing the State to offer rebuttable evidence regarding a victim accommodation syndrome.

### I.

Defendant first contends the victim, who was five years old at the time of trial (her birthday was in November and the trial was held in January), was not competent to testify at trial. The victim had not yet been to kindergarten but had been to preschool. A hearing was held outside the jury's presence and the victim was questioned about her age, where she lived, and the identity of certain colors. She counted to nine. Additionally, she told the court that to tell the truth meant not to lie and she would tell the truth.

The defendant points out the witness initially gave an incorrect answer to the trial court's inquiry regarding the truthfulness of a statement that he was wearing an orange coat and there were inconsistencies between her testimony and that of other witnesses.

The trial court has broad discretion on issues surrounding determination of witness competency. *State v. Andrews*, 447 N.W.2d 118, 120 (Iowa 1989); *State v. Brotherton*, 384 N.W.2d 375, 377 (Iowa 1986). We will reverse only on a showing the trial court's ruling is clearly untenable and without reason. *Andrews*, 447 N.W.2d at 120.

Studies indicate if five-year-olds are questioned using concrete, understandable, and objective questions, they generally can respond as accurately as adults. *See* Myers et al., *Expert Testimony in Child Sexual Abuse Litigation*, 68 Neb.L. Rev. 1, 96–97 (1989); Goodman & Reed, *Age Differences in Eyewitnesses Testimony*, 10 L. & Hum.Behav. 317 (1986). Inconsistencies in a child's testimony do not necessarily render it unreliable. Children's responses that appear to be inconsistent may be the result of the child's misunderstanding. Myers et al. at 96–98. The trial court is in a position from which it can assess these issues.

Our review of the record convinces us the trial court's ruling was reasonable and no abuse of discretion has been shown. We affirm the trial court on this issue.

### II.

The second issue involves defendant's challenge to certain rebuttal evidence introduced by the State. Defendant introduced evidence showing after the alleged incidents the victim was not unhappy or afraid in his presence. Pictures of defendant and the victim allegedly taken after the incident were admitted as defense exhibits. The victim and defendant both appeared happy in the exhibits.

Defendant contends the trial court erred in allowing a clinical psychologist to testify on rebuttal about a theory referred to as Victim Accommodation Syndrome. The alleged syndrome came into being as a result of an article written in 1983 by Dr. Roland Summit titled "The Child Sexual Abuse Accommodation Syndrome." Summit described five characteristics commonly observed in sexually abused children: (1) secrecy, (2) helplessness, (3) entrapment and accommodation, (4) delayed, conflicted, and unconvincing disclosure, and (5) retraction. *See* Summit, *The Child Sexual Abuse Accommodation Syndrome*, 7 Child Abuse & Neglect 177, 181 (1983); Myers et al. at 66–67.

The psychologist's testimony introduced in this trial was that a child, who was abused by a caretaker or family member who has regular contact with the child, will not consistently exhibit signs of abuse in the perpetrator's presence. The psychologist also testified of an area described as the child accommodation syndrome for sexual abuse, and that the theory would explain why a child did not show signs of being sexually abused when he or she was with the perpetrator.

Defendant contends the evidence was not admissible because it was hearsay and not relevant. He also contends it was an attempt to bolster the credibility of the witness and should not have been admissible under the dictates of *State v. Myers*, 382 N.W.2d 91, 94 (Iowa 1986) (expert should not be permitted to testify witness is telling the truth).

The State acknowledges few jurisdictions have specifically addressed the admissibility of the victim accommodation evidence but contends it should be admissible and argues that we should recognize the relevance and usefulness of victim accommodation syndrome evidence in child sexual abuse cases and find the evidence is admissible. The State contends that *State v. Gettier*, 438 N.W.2d 1 (Iowa 1989), in essence sets the stage for the admission of this testimony.

We disagree with the State on this assertion. In *Gettier*, 438 N.W.2d at 4–5, the court determined the trial court did not abuse its discretion in admitting testimony of a psychologist that symptoms such as fear of staying alone, sleep disturbances, social and sexual impairment, and hyperalertness are recognized as classic characteristics exhibited by persons who experience trauma. The nature of the testimony introduced here is very different from the nature of the testimony introduced in *Gettier*. The symptoms in *Gettier* were symptoms suffered by a person who experienced trauma, as opposed to those found in one who had not been subject to trauma.

In this case, the testimony seeks to show why the behavior of the alleged abused child is the same as, not different from, the behavior of a nonabused child. The challenged testimony seeks to explain why the child acted normally. Therefore, the fact that the child acted normally when with the alleged abuser does not show the child was sexually abused. It is not probative of sexual abuse. Rather, the syndrome must assume the presence of sexual abuse. It only seeks to explain the child's reaction to it. *See* Myers et al. at 66–67; *People v. Sanchez*, 208 Cal.App.3d 721, 256 Cal.Rptr. 446, 454 (1989); *People v. Bowker*, 203 Cal.App.3d 385, 393–94, 249 Cal.Rptr. 886, 891–92 (1988); *People v. Gray*, 187 Cal. App.3d 213, 218, 231 Cal.Rptr. 658 (1986).

The problem with this type of evidence is it may incorrectly be used by the fact finder as evidence of abuse. There is a very fine line between an opinion that is helpful to a jury and an opinion that merely conveys a conclusion concerning defendant's guilt. *See Myers*, 382 N.W.2d at 98; *State v. Horton*, 231 N.W.2d 36, 38 (Iowa 1975). We have determined evidence explaining a delayed reporting symptom in sexually abused children was not necessarily inadmissible. *State v. Tonn*, 441 N.W.2d 403, 405 (Iowa App.1989); *see also People v. Matlock*, 153 Mich.App. 171, 177–79, 395 N.W.2d 274, 277 (1986); *State v. Davis*, 422 N.W.2d 296, 298–99 (Minn.Ct.App.1988); *State v. Bailey*, 89 N.C.App. 212, 217–19, 365 S.E.2d 651, 654–55 (1988).

No blanket rule can be adopted on this issue. There may be, however, instances in which expert testimony may explain why children delay reporting sexual abuse or do not appear to be fearful of the perpetrator. Such evidence, if admissible, must be limited strictly to rehabilitative functions, *see* Myers et al. at 68, and the fact finder must be instructed that the testimony is limited to rehabilitation and is not to be used as substantive evidence of abuse. *See Matlock*, 153 Mich.App. at 178, 395 N.W.2d at 277. We find any error here to be without prejudice to defendant. We affirm.

AFFIRMED.

SCHLEGEL, P.J., concurs.

HABHAB, J., specially concurs.

HABHAB, Judge (specially concurring).

I concur with the judgment reached by the majority; however, I would find no error in admitting into evidence the rebuttal testimony of the psychologist concerning child sexual abuse accommodation syndrome (CSAAS).[1]

The admissibility of CSAAS is an issue of first impression in Iowa. A number of courts in other jurisdictions, however, have permitted expert testimony regarding CSAAS.[2] *See People v. Bergschneider*, 211 Cal.App.3d 144, 259 Cal.Rptr. 219, 226 (1989); *People v. Sanchez*, 208 Cal.App.3d 721, 256 Cal.Rptr. 446, 454 (1989); *People v. Bowker*, 203 Cal.App.3d 385, 249 Cal. Rptr. 886, 891–92 (1988); *Brady v. State*, 540 N.E.2d 59, 70–71 (Ind.Ct.App.1989); *Westbrook v. State*, 186 Ga.App. 493, 368 S.E.2d 131, 134 (1988). *But see Lantrip v. Commonwealth*, 713 S.W.2d 816, 817 (Ky. 1986).

CSAAS has five stages:

Stage one is secrecy, an element inherent in the adult-child relationship, where a child understands certain things should not be disclosed. Stage two is helplessness, the absence of power a child has in a relationship with a parental figure or trusted adult. The first two stages are present in every child and establish a child's potential to become a victim of sexual abuse. Stages three through five occur as the result of abuse. Entrapment and accommodation, the third stage, occurs after the child fails to seek protection. Stage four, delayed disclosure, occurs when the child tells someone about the sexual abuse. In retraction, the final stage, the child denies abuse has occurred.

*Bowker*, 203 Cal.App.3d 385, 249 Cal.Rptr. at 888 (footnote omitted).

In *State v. Gettier*, 438 N.W.2d 1, 4 (Iowa 1989), the Iowa Supreme Court upheld the admission of testimony by a psychologist concerning the typical symptoms exhibited by individuals suffering from posttraumatic stress disorder. Independent evidence presented showed that the victim had displayed some of these symptoms. As a result, the evidence of posttraumatic stress disorder "was relevant as tending to show that [the victim] had been traumatized." *Id.*

The distinction between CSAAS and posttraumatic stress disorder, in regard to expert testimony, is that a normal, non-sexually-abused child will display the same characteristics as a sexually-abused child. CSAAS, however, is useful and relevant to explain a "misconception" intimated by the evidence. *See Bowker*, 203 Cal.App.3d at 394, 249 Cal.Rptr. at 891. I would permit expert testimony regarding CSAAS if the expert's testimony is being admitted for the purpose of dispelling misconceptions which the jury may have concerning how children react to abuse.[3] The State must carry the burden of demonstrating the existence of a misconception which the expert's testimony is intended to dispel. *See id.*, 249 Cal.Rptr. at 892.

Turning to the facts of this case, the psychologist's testimony was offered to rebut the apparent misconception that the complainant was not afraid of the defendant following the incidents of sexual

1. The psychologist used the term "victim accommodation syndrome" at trial rather than CSAAS. CSAAS, however, is the correct designation. *See* Summit, The Child Sexual Abuse Accommodation Syndrome, 7 Int'l J. *Child Abuse & Neglect* 177 (1983).

2. CSAAS's purpose is to explain why child sexual abuse victims exhibit various kinds of behavior, thereby aiding mental health professionals in the victims' treatment. *See* Summit, supra note 1, at 179–80.

3. The court in *Bowker* detailed the following examples:

[W]here a child delays a significant period of time before reporting an incident or pattern of abuse, an expert could testify that such delayed reporting is not inconsistent with the secretive environment often created by an abuser who occupies a position of trust. Where an alleged victim recants his story in whole or in part, a psychologist could testify on the basis of past research that such behavior is not an uncommon response for an abused child who is seeking to remove himself or herself from the pressure created by police investigations and subsequent court proceedings.

203 Cal.App.3d at 394, 249 Cal.Rptr. at 892.

abuse. I would conclude the admissibility of the psychologist's testimony concerning CSAAS was a matter within the discretion of the trial court.

I suggest in future cases where expert testimony concerning CSAAS is introduced, the jury be instructed it is not to use such testimony for the purpose of determining whether the complainant was sexually abused. Cf. *id.*, 249 Cal.Rptr. at 892 (jury must be instructed that expert's testimony is not to be used in determining the truth of complainant's accusations); *Sanchez*, 208 Cal.App.3d 721, 256 Cal.Rptr. at 454 (if requested, jury must be given limiting instruction concerning CSAAS evidence).