# IN THE COURT OF APPEALS OF IOWA

No. 3-1145 / 12-2264
Filed February 19, 2014

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**JOSE FRANCISCO JAQUEZ,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Louisa County, John M. Wright, Judge.

Jose Francisco Jaquez appeals from his conviction for sexual abuse in the second degree following a jury trial in which the State's expert witness bolstered the credibility of the child witness. **REVERSED AND REMANDED.**

Benjamin D. Bergman of Parrish Kruidenier Dunn Boles Gribble Gentry & Fisher, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, and David L. Matthews, County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Jose Francisco Jaquez appeals from his conviction for sexual abuse in the second degree. He argues the district court erred by overruling his objection to an expert witness's statement in testimony and denying his motion for new trial on the basis of juror misconduct. He also argues that his conviction is supported by insufficient evidence. We reverse and remand for new trial.

## I. Facts and Proceedings.

On April 13, 2012, the State charged Jaquez by trial information with one count of sexual abuse in the second degree of a child under the age of twelve. Before trial, Jaquez filed a motion in limine to prevent the State's expert witness, Kiesa Kay, who had interviewed the child, from testifying regarding the credibility of the child. The court granted the motion, stating "the State may not ask questions of the [expert] witness that would tend to give the impression to the jury that the jury should give more credibility to the . . . child witness's testimony."

During Kay's testimony at trial, the following exchange occurred between the prosecutor and the expert witness:

> Q: . . . [W]hat was your impression of [the child] when you spoke to her? Basically, how did she appear emotionally? A: She was quiet and very polite . . . . She was not extremely emotionally expressive or upset. She was just very polite.
> Q: In your experience in those prior interviews that you conducted, is that unusual that a child be not be overly emotional in that type of situation? A: Oh, no. Not at all. Her demeanor was completely consistent with a child who has been traumatized, particularly multiple times.

Counsel objected to the statement as nonresponsive and bolstering the credibility of the child witness. The objection was overruled.

Kay, the child, the child's examining physician, and the child's mother testified at trial. The jury found Jaquez guilty of second-degree sexual abuse. Jaquez filed a combined motion in arrest of judgment and motion for new trial. The motion alleged two grounds for new trial: first, Kay had made impermissible contact with jurors, and second, the verdict was unsupported by the evidence. A hearing was held, and Jaquez's mother and sister testified to seeing a person from the trial who looked like a doctor speaking with the jurors outside the courtroom. The court attendant also testified at the hearing; she reported seeing Kay in the jury room as the jury was to enter and that Kay, when told to leave the room, apologized to the jurors as she left. The court attendant also testified to a report from a clerk that Kay had joined several jurors for a smoke break. The court denied the combined motion. Jaquez appeals.

## II. Analysis.

Jaquez argues the district court erred both in overruling his objection to Kay's testimony and in denying his motion for new trial. We review both these decisions by the trial court for an abuse of discretion. *State v. Hines*, 223 N.W.2d 190, 192 (Iowa 1974); *see also State v. Thompson*, 836 N.W.2d 470, 491 (Iowa 2013) (noting the review of the denial of a motion for new trial is for an abuse of discretion).

### A. Expert testimony.

Our courts afford "considerable deference to the trial court's exercise of its discretion" on admissibility rulings. *State v. Allen*, 565 N.W.2d 333, 338 (Iowa 1997). "[W]hen a timely and specific objection under [Iowa Rule of Evidence 5.702] challenges the propriety of expert testimony on a particular subject," the

proponent of the evidence has the burden to establish that the testimony is admissible. *State v. Myers*, 382 N.W.2d 91, 93 (Iowa 1986). Our courts have repeatedly noted that there is a fine but essential line between testimony that is helpful to the jury and an opinion that merely conveys a conclusion regarding a defendant's guilt. *State v. Pansegrau*, 524 N.W.2d 207, 210, 211 (Iowa Ct. App. 1994). Expert testimony as to the truthfulness of another witness is not admissible. *Myers*, 382 N.W.2d at 97. In *Myers*, the State sought to admit expert testimony that children who claim to have been sexually abused rarely lie about such abuse. *Id.* at 92. The *Myers* court concluded the district court erred in allowing the testimony:

> Expert opinion testimony is admissible pursuant to Iowa Rule of Evidence 702 if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." The ultimate determination of the credibility or truthfulness of a witness is not "a fact in issue," but a matter to be generally determined solely by the jury. An exception to this would be where the defendant is charged with perjury. Consequently, we conclude that expert opinions as to the truthfulness of a witness is not admissible pursuant to rule 702. As we indicated, the effect of the expert opinions in this case was the same as directly opining on the truthfulness of the complaining witness.

*Id.* at 97. However, Iowa courts do allow expert testimony regarding the relevant mental and psychological symptoms present in sexually abused children. *State v. Seevanhsa*, 495 N.W.2d 354, 357–58 (Iowa Ct. App. 1992). This includes expert testimony regarding the symptoms of child sexual abuse accommodation syndrome. *Id.* Also allowed under certain circumstances is expert testimony regarding post-traumatic stress disorder. *See State v. Gettier*, 438 N.W.2d 1, 6 (Iowa 1989). Here, however, we are faced with a fundamentally different scenario.

Kay testified the child was quiet and polite, and when asked whether victims of sexual abuse are usually quiet and polite instead of emotional, Kay responded that "[the child's] demeanor was completely consistent with a child who has been traumatized, particularly multiple times."[1]  Kay did not present her testimony as general symptomology of post-traumatic stress disorder or child sexual abuse accommodation syndrome.  Jaquez did not put the victim's demeanor in issue; while he referenced in closing that she was "likeable," he did not argue that this was somehow incongruous with the child being sexually abused.  *See, e.g.*, *State v. Dodson*, 452 N.W.2d 610, 612 (Iowa Ct. App. 1989) (holding a psychologist could testify to why a victim might act normally around someone who sexually abused her after the defense entered images of the victim smiling around the defendant).

We find Kay's testimony that the child's demeanor was "completely consistent" with the demeanor of a child who had been traumatized multiple times goes beyond the bounds of admissibility established by our precedent. Kay not only connected the characteristic of a quiet demeanor with the witness and with the specific allegation of the witness, her testimony violated the court's previous ruling in limine.  We conclude that "the effect of the expert opinion[] in this case was the same as directly opining on the truthfulness of the complaining

---

[1] This testimony is similar to the expert's opinion in *State v. Brown*, No. 12–1633, 2013 WL 5743652 (Iowa Ct. App. 2013).  In that case, we examined an expert's report which stated that the child who alleged she was sexually abused was "consistent," "detailed and clear," and "confidently demonstrated" her allegations and therefore her case "clearly warranted" further investigation.  We found the court's decision to admit this report into evidence was in error, as the report impliedly vouched for the child's credibility.  Here, a case worker testified to her observation of the reporting child's demeanor and found it consistent with her observations of other children who experienced trauma.

witness." *Myers*, 382 N.W.2d at 97. Jaquez had alerted the trial court to the possibility of inadmissible expert testimony in his motion in limine. The expert's violation of the court's ruling fell outside the court's range of discretion. Nor did the State carry its burden of showing admissibility in its general argument that the expert's testimony "assisted the jury in understanding the reactions and resulting demeanor of victims of abuse." This ignored the direct comment that the witness's demeanor was "completely consistent" with victims of abuse. But even where a district court abuses its discretion in admitting evidence, we must determine whether the improper evidence resulted in prejudice to the defendant.

Kay's testimony was offered by the State both as a person who interviewed the child and as an expert in the field of interviewing sexual abuse victims. She had conducted 186 prior forensic interviews with children and had taken several specialized training courses on conducting forensic interviews of children. Her testimony that traumatized children tend to have quiet or withdrawn demeanors was within her expertise. *See Seevanhsa*, 495 N.W.2d at 357–58. Kay also was the forensic investigator; she was also allowed to testify as to her observations of the child's demeanor from the interview. *See State v. Tonn*, 441 N.W.2d 403, 405 (Iowa 1989). Her testimony then carried great weight as both a subject-matter expert and the person who examined the child. Kay's additional volunteered comment linking the demeanor to the multiple instances of abuse alleged against Jaquez crossed the "fine line" of *Myers* on the issue of bolstering credibility. *See* 382 N.W.2d at 98.

In *Gettier*, 438 N.W.2d at 6 our supreme court analyzed whether testimony by an expert resulted in prejudice:

The testimony in the present case showed only the typical symptoms exhibited by a person after being traumatized. Independent evidence showed that the complainant had experienced some of the symptoms of PTSD. Consequently, the evidence was relevant as tending to show that she had been traumatized. We see little, if any, prejudicial effect in the admission of this testimony.

In contrast, here, Kay did not present her opinion in the context of PTSD, did not only show the typical symptoms of a person being traumatized, and instead of waiting for independent evidence of trauma, she directly drew that conclusion for the jury.

The prosecutor recognized the power of Kay's testimony in urging the jury in closing argument:

When there are these serious, serious allegations like this in a case, you know, do you believe the adult, or do you believe the child? Well, a perpetrator of sexual abuse relies on that type of dynamic. I asked Kiesa Kay, who was the forensic interviewer, about that. And in our society, adults are supposed to protect children, not hurt them.

The credibility of the child was central to this case. The district court abused its discretion in overruling the objection to this statement, resulting in clear prejudice to Jaquez.

Because we reverse on this issue, we need not address the arguments regarding Kay's contact with the jury during trial.[2]

**REVERSED AND REMANDED.**

---

[2] "When a reviewing court determines prejudicial trial error occurred in a criminal trial, the case will not be remanded for retrial when the evidence at trial was insufficient to support the conviction." *State v. Dullard*, 668 N.W.2d 585, 597 (Iowa 2003). Jaquez points to various inconsistencies in the child's testimony as showing the evidence was insufficient to support his conviction. We find that when the "evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be decide from the record" a reasonable jury in this case could find Jaquez guilty beyond a reasonable doubt. *See State v. Smith*, 508 N.W.2d 101, 103 (Iowa Ct. App. 1993).