# IN THE COURT OF APPEALS OF IOWA

No. 17-1183
Filed March 7, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTHONY SCHMITZ,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, James M. Drew, Judge.

Anthony Schmitz appeals the sentences imposed upon his convictions of child endangerment resulting in serious injury and serious injury by vehicle. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Anthony Schmitz appeals the sentences imposed upon his convictions of child endangerment resulting in serious injury and serious injury by vehicle. He contends his attorney rendered ineffective assistance at his sentencing hearing by failing to object to the presentation of victim impact statements of two nonvictims.

## I.    Background Facts and Proceedings

Schmitz was involved in a head-on, motor-vehicle collision in December 2016. In relation to that collision, he was charged by trial information with the following offenses: (1) child endangerment resulting in serious injury as to his daughter M.J.S.; (2) child endangerment resulting in serious injury as to his other daughter M.S.; (3) serious injury by vehicle as to the driver of the other vehicle, Heather Meyer; and (4) operating while intoxicated. Schmitz entered a plea of not guilty and demanded speedy trial. A plea agreement was reached under which Schmitz would enter guilty pleas to counts one and three[1] in return for the State's dismissal of counts two and four and any related simple misdemeanor charges. Schmitz ultimately pled guilty, and the court accepted his plea and adjudged him guilty of counts one and three.

At the sentencing hearing, victim impact statements were presented by Steve Cerwinske,[2] Meyer, M.J.S., M.S., and Schmitz's wife, Anna. The State

---

[1] These charges carry mandatory terms of incarceration not to exceed ten and five years, respectively—the district court is not allowed to defer judgment or defer or suspend the sentence. *See* Iowa Code §§ 702.11(1), 707.6A(4), (7), 726.6(1), (5), 901.5, 902.3, 902.9(1)(d), (e), 907.3 (2016). However, the district court is provided discretion in deciding whether to impose the terms consecutively or concurrently. *See id.* § 901.8.

[2] Cerwinske is Meyer's husband or significant other.

argued for consecutive terms of imprisonment, citing Schmitz's failure to take responsibility for his actions, the severity of his actions, the fact that the two victims were "separate individuals," and Schmitz's status as a probationer at the time of the offense. Schmitz argued for concurrent sentences, citing the fact that the charges stemmed from "one incident" and arguing a ten-year term of imprisonment was sufficient to facilitate rehabilitation.

In reaching its sentencing decision, the district court stated:

> In your particular case I do recognize that this was one incident, but I am very troubled, sir, by the fact that you were on probation when this occurred. There's been no genuine remorse that I can perceive. Your prior record is certainly serious, and the fact is as far as your addiction goes nothing has worked so far and so I don't know what it takes to get a man of your age's attention. There's resources out there, and thus far you haven't taken adequate advantage of those. And all of those factors weigh against concurrent sentences in this case.

The court sentenced Schmitz to indeterminate terms of imprisonment in the amount of ten and five years on the respective counts. The court then explained:

> For the reasons I have previously stated, I am ordering that the sentences run consecutively. I think this is a serious offense with multiple victims, defendant with a serious criminal record and thus far has not demonstrated the ability to get his addiction issues appropriately under control so I consider him to be a danger to the motoring public.

As noted, Schmitz appeals.

## II.    Standard of Review

Schmitz alleges he was provided ineffective assistance of counsel, claims of which are an exception to the traditional error-preservation rules. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). "Claims of ineffective assistance of counsel implicate the constitutional right to counsel; therefore, we review the

claim de novo." *State v. Lopez*, ___ N.W.2d ___, ___, 2018 WL 672085, at *2 (Iowa 2018).

**III.     Analysis**

To succeed on his ineffective-assistance-of-counsel claim, Schmitz "must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Id.* (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

A.     Failure to Perform an Essential Duty

Schmitz argues trial counsel rendered ineffective assistance in failing to object to Cerwinske and M.S.'s provision of victim impact statements at the sentencing hearing. Iowa Code section 915.21(1) allows a "victim" to present a victim impact statement to the court in a writing or recording, orally, or by proxy.

> "Victim" means a person who has suffered physical, emotional, or financial harm as the result of a public offense . . . committed in this state. "Victim" also includes the immediate family members of a victim . . . who was under eighteen years of age at the time of the offense.

Iowa Code § 915.10(3). Schmitz acknowledges that it was permissible for the sentencing court to receive victim impact statements from Meyer, M.J.S, and his wife, Anna, as they qualify as "victims" under the counts for which he pled guilty. Meyer and M.J.S. suffered serious physical injury as a result of the offense and

Anna was an "immediate family member" of M.J.S., "who was under eighteen years of age at the time of the offense." *See id.* §§ 915.10(3), .21(1).

The term "immediate family members" contained in section 915.10(3) includes "spouses and persons related within the second degree of consanguinity or affinity." *Lopez*, 872 N.W.2d at 175 (quoting *State v. Sumpter*, 438 N.W.2d 2, 8 (Iowa 1989)). Siblings are related to one another by consanguinity in the second degree. *State v. Allen*, 304 N.W.2d 203, 207 (Iowa 1981). M.J.S., the primary victim of the offense, was under eighteen years of age at the time of the offense. M.J.S. and M.S. are sisters. Thus, under the statute, M.S. is defined as a separate victim entitled to present her own statement. Any objection to M.S.'s provision of a victim impact statement, therefore, would have been meritless. "Counsel does not fail to perform an essential duty by failing to raise a meritless objection." *Lopez*, 872 N.W.2d at 169. We conclude counsel was not ineffective for failing to object to the sentencing court's receipt of M.S.'s statement.[3]

Cerwinske was not statutorily eligible to provide a victim impact statement. *See* Iowa Code § 915.10(3); *State v. Tesch*, 704 N.W.2d 440, 452 (Iowa 2005) (concluding a victim's spouse "was not a 'victim' under the first sentence of the statutory definition because her harm flowed from the injuries suffered by her husband as a result of the offense and not directly from the criminal acts"); *Sumpter*, 438 N.W.2d at 8 ("[W]e interpret the first part of the 'victim' definition to include only . . . the actual subject of the murder, not others who only suffered

---

[3] Further, we agree with the State that a review of the victim impact statement presented by M.S. was entirely in support of Schmitz, her father, and making a case for leniency in sentencing.

physical or emotional harm because of her death."). We will accept the State's implicit concession that counsel's failure to object to Cerwinske's provision of a victim impact statement amounted to a failure to perform an essential duty. *See Tesch*, 704 N.W.2d at 452–53.

 Accordingly, the sole issue remaining is whether the court's receipt of Cerwinske's victim impact statement resulted in prejudice. *See Strickland*, 466 U.S. at 687; *Lopez*, 2018 WL 672085, at *2.

B.      Prejudice

The prejudice prong of an ineffective-assistance-of-counsel claim "is established if 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Harris*, 891 N.W.2d at 185–86 (quoting *State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa 2008)). "In other words, a party claiming prejudice arising from ineffective assistance of counsel must establish a probability of a different result sufficient to undermine our confidence in the outcome of the case." *Id.* at 186.

Schmitz generally argues he was prejudiced by the court's consideration of improper evidence at the sentencing hearing. As to Cerwinske's victim impact statement, he complains it

> contained information about the emotional and financial impact the incident had on him, relayed having to inform his daughter (who worked at the hospital Meyer was taken to) about the accident, provided detail about the changes to his and Meyer's life plans required to accommodate Meyer's treatment and recovery, and provided information about the extent of resulting medical bills.

He further complains that these matters were not otherwise in the record.

Lacking in the record, however, is any affirmative indication that these matters had any effect on the court's sentencing decision. At the sentencing hearing, the court highlighted its reasoning for choosing to impose consecutive sentences: the seriousness of the offenses, the fact that Schmitz was already on probation at the time of the offense, his lack of remorse, his extensive criminal record, his inability to get his addiction under control, and the fact that there was more than one victim. The court gave no indication that its decision rested on any of the matters Schmitz claims were improperly before it. Furthermore, the presentence investigation report (PSI), which is required to be considered in sentencing, *see* Iowa Code § 901.5, detailed Meyer's extensive injuries and the resulting treatment she received. The PSI also detailed the injuries sustained by Schmitz's daughters. When asked at the sentencing hearing whether he desired to note any changes, corrections, or objections to the PSI, Schmitz responded in the negative.

"[W]e trust that our district courts, when weighing [victim impact] statements as part of the sentencing determination, will filter out improper or irrelevant evidence." *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). Schmitz has the burden to prove prejudice. The record shows the district court had available to it and considered a wealth of admissible and relevant information, and there is no indication it considered Cerwinske's recitation. Schmitz has failed to demonstrate he was prejudiced by the court's receipt of Cerwinske's victim impact statement.

We affirm Schmitz's sentences in their entirety.

**AFFIRMED.**