# IN THE COURT OF APPEALS OF IOWA

No. 16-1837
Filed December 6, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRITTANY RAE BEEK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Floyd County, Colleen D. Weiland,

Judge.


        Brittany Beek appeals the conviction and sentence entered upon a jury

verdict finding her guilty of third-degree sexual abuse.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Nan N. Jennisch, Assistant

Appellate Defender, for appellant.

        Brittany R. Beek, Mitchellville, pro se.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant

Attorney General, for appellee.



        Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Brittany Beek appeals the conviction and sentence entered upon a jury verdict finding her guilty of third-degree sexual abuse, a class "C" felony. *See* Iowa Code § 709.4(1)(b)(3)(d), (2) (2016). Beek contends (1) the jury's guilty verdict "is not supported by the weight of evidence" and (2) the district court erred in failing to exercise its discretion in sentencing.

## I.  Background Facts and Proceedings

On May 10, 2016, two juvenile girls, S.R. and K.S.-H., respectively sixteen and fifteen years old at the time, ran away from a youth shelter. The following day, while they were still on the run, S.R. contacted Beek, a twenty-seven year old, for a place to stay. Beek picked the girls up and eventually transported them to her home. That evening, the three of them watched a movie, *Fifty Shades of Grey*, in Beek's bedroom and "hung out until about one or two in the morning." In the night, Beek pursued sexual activities with the girls, inserting a dildo into S.R.'s vagina and using a pink vibrator and glass dildo on K.S.-H. Both girls unequivocally testified at trial that Beek inserted the various sex toys in their vaginas.

The next day, the girl's contacted S.R.'s ex-boyfriend, Cameron, for a ride and covertly left Beek's residence. After picking up the girls, Cameron advised them he was going to turn them in to law enforcement. After a struggle, the girls got away from Cameron and "ran through a field." When police officers subsequently found the girls in the field, S.R. was transferred to a detention facility and K.S.-H. back to the youth shelter. S.R. advised the staff at her detention facility of the prior evening's events. She subsequently relayed the

same information to a detective with the local sheriff's office. Both girls were transported to the hospital for medical examination and forensic interviews. Both girls advised medical personnel and interviewers that Beek sexually assaulted them.

Law enforcement obtained a warrant to search Beek's residence. Upon a search of Beek's bedroom, officers found various sex toys and some of the girls' clothing. In a subsequent interview with a police officer, Beek verified the girls spent the night at her house the prior evening but denied any sexual contact occurred. The division of criminal investigation performed DNA testing on two of the sex toys. S.R.'s DNA was found on one of the toys. Two DNA profiles were found on the other toy, one belonging to Beek. There was an insufficient amount of DNA present to determine the identity of the second contributor.

Beek was charged with two counts of third-degree sexual abuse, one count as to K.S.-H. and one count as to S.R. A jury found Beek guilty of the count pertaining to K.S.-H.[1] The district court denied Beek's subsequent motion for a new trial and in arrest of judgment. The court sentenced Beek to a term of incarceration not to exceed ten years, ordered her to register as a sex offender, placed her under the supervision of the Iowa Department of Corrections for life, and imposed a suspended fine, civil penalty, victim restitution, and various surcharges. Beek appeals. Additional facts may be set forth below as are relevant to the issues raised on appeal.

---

[1] The statutory formulation under which Beek was convicted provides: "A person commits sexual abuse in the third degree when the person performs a sex act" on another, "[t]he other person is fourteen or fifteen years of age," "[t]he person is four or more years older than the other person," and they were "not at the time cohabiting as husband and wife." Iowa Code § 709.4(1)(b)(3)(d).

## II.    Weight of the Evidence

In her motion for a new trial and in arrest of judgment, Beek argued, among other things, that the jury's verdict was not supported by the weight of the evidence.  She repeats this argument on appeal.  We review the district court's denial of a motion for a new trial and a motion in arrest of judgment for an abuse of discretion.  *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008) (arrest of judgment); *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003) (new trial).  "An abuse of discretion will only be found where the trial court's discretion was exercised on clearly untenable or unreasonable grounds."  *Smith*, 753 N.W.2d at 564.  Where, as here, a claim is made that the verdict is contrary to the weight of the evidence, "the verdict may be set aside and a new trial granted" if "the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted."  *State v. Serrato*, 787 N.W.2d 462, 471–72 (Iowa 2010) (quoting *State v. Ellis*, 578 N.W.2d 655, 658–59 (Iowa 1998)).  "A verdict is contrary to the weight of the evidence where 'a greater amount of credible evidence supports one side of an issue or cause than the other.'"  *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (quoting *Ellis*, 578 N.W.2d at 658).

In support of her argument, Beek first points to K.S.-H.'s testimony at trial, during which she frequently answered questions with the response, "I don't remember."  We interpret this as a challenge to the witness's credibility.  Although it is true K.S.-H. was unable to recall some of the miniscule details surrounding the evening in question, she was able to unequivocally testify that Beek sexually assaulted her.  This material testimony aligned with that of the

other alleged victim, as well as most of the other evidence presented by the State. In any event, "[t]he jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). "In fact, the very function of the jury is to sort out the evidence and 'place credibility where it belongs.'" *Id.* (quoting *State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984)). Beek next points to the lack of physical evidence linking her to the crime. The law is clear, however, that a "victim's accusation need not be corroborated by physical evidence." *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998); *accord State v. Knox*, 536 N.W.2d 735, 742 (Iowa 1995) (noting direct physical evidence is not a necessary prerequisite to conviction). The lack of physical evidence does not tip the scales against the jury's finding of guilt.

We cannot say the evidence preponderates heavily against the jury's finding of guilt. We therefore conclude the district court did not abuse its discretion in denying Beek's motion for a new trial and in arrest of judgment on weight-of-the-evidence grounds.

## III. Sentencing

Beek contends the district court improperly failed to exercise its discretion in sentencing. She specifically argues "[t]he court incorrectly believed that it was restricted to just two choices under the law, either the maximum of ten years in prison or no incarceration along with probation" and its failure to consider other sentencing options amounted to a failure to exercise discretion. "When a sentencing court has discretion, it must exercise that discretion," and "[f]ailure to

exercise that discretion calls for a vacation of the sentence and a remand for resentencing." *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999).

At the sentencing hearing, the district court solicited sentencing recommendations from the parties. The State, concurring with the recommendation contained in the presentence investigation report, recommended a term of imprisonment not to exceed ten years. Beek argued for a suspended sentence and probation. The court explained:

> So I have considered whether a suspended sentence and probation are appropriate. And let me just tell anybody that doesn't know this. I really only have two choices here. Iowa law mandates that I sentence Ms. Beek to a ten-year—well, indeterminate up to ten years and the parole board would decide if she goes to prison, how long that would actually be. I don't get to choose between now and ten. It's just ten. Or up to ten. And then I decide is it suspended and she's on probation, or is it not suspended and she goes to prison. So, Ms. Beek, those are the two choices that I'm choosing between.
>
> I did consider a suspended sentence and whether you could be rehabilitated in the community, and I did consider suspended sentence and whether we can protect the community members while you're in the community. But your history suggests to me we cannot. You have a history of some assaultive behavior that prior probations and prison terms have not been able to correct or deter you from further criminal activity, and you have been on probation that wasn't successful and just recently convinces me that we cannot accommodate what is necessary for your rehabilitation and protection in the community.
>
> So I am imposing an indeterminate term in the Iowa state prison system of up to ten years. The term of imprisonment is not suspended.

Beek contends this language reveals "the court incorrectly believed that it was limited to two options at sentencing, either prison or a suspended sentence with probation," and its failure to consider other options, such as probation coupled with a deferred judgment or suspended sentence, amounted to a failure to exercise its discretionary authority.

We, however, conclude the court's explanation of its ultimate sentencing decision makes clear that under the facts of this case it considered two options worthy of consideration. The court was deciding whether to adopt one of the parties' recommendations or impose a sentence that fell somewhere in between. The legally available alternative sentencing options cited by Beek would have involved probation. The court explained that neither Beek's rehabilitation nor the protection of the community could be accomplished with a suspended sentence and probation. The record shows the court considered the factually available options and appropriate factors in concluding a term of imprisonment would be necessary. We conclude the district court appropriately exercised its discretion in sentencing and therefore affirm Beek's sentence.

## IV. Conclusion

Finding no abuse of discretion in relation to the district court's denial of Beek's motion for a new trial and in arrest of judgment or in sentencing, we affirm Beek's conviction and sentence.

**AFFIRMED.**