# IN THE COURT OF APPEALS OF IOWA

No. 21-0056
Filed December 15, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TREVON J. LUCAS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Henry Latham and
Mark R. Lawson, Judges.

A defendant challenges his conviction for sex abuse in the third degree.
**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich,
Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney
General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**TABOR, Judge.**

Trevon Lucas appeals his conviction for sexual abuse in the third degree.[1] He argues the State failed to show the commission of a sex act or that he was the perpetrator. Because the jurors could believe a witness who testified that he saw Lucas digitally penetrate a thirteen-year-old girl's vagina, we affirm his conviction.

In February 2020, thirteen-year-old Zora and her friends, Cruz and Anton, were invited to a house party.[2] Against her initial instinct, Zora's great-grandmother gave Zora and the boys permission to attend. But as it turns out, her reluctance would prove warranted.

Seventeen-year-old Lucas hosted the party in a now-abandoned house where he used to live.[3] At the party, Zora and her friends experimented with alcohol and marijuana. But the substances affected Zora more than they did the boys. And soon she was struggling to stand, slurred her speech, and became incoherent.

Although Cruz was concerned for Zora, he and Anton left the party briefly to pick up some non-alcoholic beverages at a nearby store. When they returned, the boys found Zora in a daze, trying to take off her pants. Panicked, Cruz placed a video call to Zora's cousin, Tessa.[4] While Cruz was on the phone, he saw

---

[1] A jury returned guilty verdicts on three counts of third-degree sexual abuse. But the district court merged them into a single count at sentencing.

[2] Many people involved here are minors. For readability, we choose to assign them randomly-generated pseudonyms rather than use their initials. *See* Iowa Ct. R. 21.25; Random Word Generator, https://randomwordgenerator.com/name.php (last visited Nov. 10, 2021).

[3] An unidentified party goer told Zora's great-grandmother an adult was chaperoning the party, but that was untrue.

[4] Upon seeing her cousin, naked from the waist down, Tessa and her father drove to the scene, looking for Zora.

another party guest, Sabrina, start "licking" Zora's vagina.[5]  Cruz pushed Sabrina away from Zora.  But soon after interrupting that contact, Cruz saw Lucas insert his finger inside Zora's vagina.

As this was happening, Zora's great-grandmother and sister arrived to pick up Zora and her friends.  But no one would let them in the house or tell them where Zora and her friends were.  It was only after Zora's sister called police that someone finally let them in.  Once inside, they found Zora sprawled on the floor, incoherent, with her arms flailing.  Soon after, Tessa and Tessa's father arrived on the scene.  He carried Zora to a waiting ambulance which took her to the emergency room.  After her condition stabilized, Zora was transferred to another medical center where she underwent a sexual assault examination and the nurse collected her clothing.

After police investigated what happened at the party, the State charged Lucas with four counts of sexual assault.  *See* Iowa Code §§ 709.1, 709.3(1)(c) 709(3)(2) (2020) (aiding and abetting another); §§ 709.4(1)(b)(1), 709.4(2) (incapacitated victim); §§ 709.4(1)(b)(2), 709.4(2) (victim is thirteen years old); and §§ 709.4(1)(d), 709.4(2) (victim is physically helpless).  At the end of the trial, the jury returned guilty verdicts on three counts of third-degree sexual assault.  The district court merged those convictions at sentencing.  Lucas now appeals.

We review sufficiency claims for errors at law.  *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).  We consider the evidence "in the light most favorable to the State," allowing for all reasonable inferences it will support.  *Id.*  If a rational jury

---

[5] Sabrina testified at trial and admitted putting her mouth on Zora's genitals.  But Sabrina denied having told anyone that she also saw Lucas touch Zora's vagina.

could find guilt beyond a reasonable doubt, we affirm. *Id.* While we consider all evidence—exculpatory and inculpatory alike—we are mindful that the jury is "free to reject certain evidence, and credit other evidence." *Id.*

To convict Lucas of sexual abuse in the third degree, the State had to prove he committed a "sex act" as defined in section 702.17. *See* Iowa Code § 709.4. A sex act includes "contact between the finger, hand, or other body part of one person and the genitalia or anus of another person . . . ." *Id.* § 702.17(3).

Lucas contends the State's evidence of a sex act was insubstantial because it depended on the testimony of a single witness, Cruz. Indeed, Cruz was the only State's witness who recalled seeing Lucas digitally penetrate Zora while she was under the influence of intoxicants provided at the party. Lucas attacks Cruz's credibility, noting his recollection that he and Anton carried Zora to the ambulance was disproven by police body cam footage. Citing *State ex. rel. Mochnick v. Andrioli*, 294 N.W. 379 (Iowa 1933), and *State v. Smith*, 508 N.W.2d 101 (Iowa Ct. App. 1993), Lucas insists Cruz's testimony was too inconsistent to carry any probative force.

We disagree with his contentions. As a rule, jurors "can believe some of a witness's story while rejecting other parts." *See State v. Shorter*, 945 N.W.2d 1, 10 (Iowa 2020). The narrow exception to this rule recognized in *Smith* does not apply here. Cruz's testimony was not "so impossible and absurd and self-contradictory that it should be deemed a nullity by the court." *See Smith*, 508 N.W.2d at 103 (quoting *Graham v. Chicago & Nw. Ry. Co.*, 119 N.W. 708, 711 (Iowa 1909)). Minor discrepancies in a witness's testimony are not a death knell

for sufficiency reviews. *See, e.g.*, *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) (affirming conviction despite child witness's inconsistencies).

In fact, Cruz's testimony was corroborated by other facts in the record. For starters, the State showed the jurors a screenshot of Zora, naked from the waist down, captured by her cousin Tessa during a video call. And while Zora did not remember having her pants off or being touched at the party, she did testify that she was sore and her "private parts" felt "uncomfortable" the next day. More confirmation came from samples taken during her sexual assault exam, which revealed male human DNA, though not whose DNA.[6]

Viewing all of this evidence in the light most favorable to the State, a rational jury could accept Cruz's version of events and determine that Lucas committed a sex act against Zora.

**AFFIRMED.**

---

[6] Lucas suggests the State's investigation was incomplete, noting police did not collect every male partygoer's DNA and that more advanced forensic testing may have produced a conclusive DNA profile. But physical evidence isn't required to convict. *See State v. Knox*, 536 N.W.2d 735, 742 (Iowa 1995). So we will not set aside an otherwise valid conviction because more forensic work could have been done.