# IN THE COURT OF APPEALS OF IOWA

No. 22-1845
Filed December 6, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEFFERY JOHN WANNINGER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Madison County, Martha L. Mertz,

Judge.

        Jeffery Wanninger appeals his convictions for sexual abuse in the second

degree and sexual abuse in the third degree.  **AFFIRMED.**

        Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,

for appellant.

        Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., and Greer and Schumacher, JJ.

**BOWER, Chief Judge.**

Jeffrey Wanninger appeals his convictions for four counts of sexual abuse in the second degree and four counts of sexual abuse in the third degree. Wanninger claims the convictions were not supported by sufficient evidence. We affirm.

## I.    *Background Facts and Proceedings*

Wanninger began dating K.L. in 2006. At the time, K.L. had one daughter, B.S. and was pregnant. Wanninger, K.L., and her two daughters moved in together in 2008. Wanninger and K.L. had a child in 2010. The couple split up in 2018, sharing custody of their child.

In 2010, Wanninger began sexually abusing B.S., who was eight years old at the time. Wanninger would come into B.S.'s bedroom late at night or early in the morning and touch her genitals over her clothes until he ejaculated. Initially, the abuse occurred once a week. Wanninger also showed B.S. pornography.

Once B.S. turned ten years old, Wanninger began touching her genitals underneath her clothes. Like before, he would continue doing so until he ejaculated. B.S.'s siblings were often asleep in the room when the abuse occurred. The abuse usually occurred twice a week.

When B.S. was between the ages of eleven and thirteen years old, Wanninger started performing oral sex on B.S. and encouraged her to perform oral sex on him. He also began touching her genitals with his penis. This abuse initially occurred three times a week but increased in frequency as B.S. aged, eventually occurring upwards of six times a week. When B.S. began to menstruate, Wanninger made a sudden decision to get a vasectomy, to K.L.'s surprise as the

two had discussed having another child together. At trial, testimony by both K.L. and B.S. established Wanninger wore a rubber ring around his penis and testes during sexual acts. This abuse continued until Wanninger and K.L. split up in 2018.

At trial B.S. testified she did not inform her mother or the authorities about the abuse because she was afraid. Indeed, Wanninger often threatened to take away "her freedom" and access to her phone. B.S. was unaware of the gravity of the abuse until several years later.

Witness Alex Rosen heard allegations regarding Wanninger's sexual abuse and contacted B.S. to verify the allegations. After confirming, in November 2021 he and two others confronted Wanninger in Wanninger's home. Rosen recorded his interaction with Wanninger. Rosen asked Wanninger if he had had oral sex with B.S. when she was thirteen years old. Wanninger confessed he had.

This was not the only time Wanninger confessed to abusing B.S. He also confessed the abuse to K.L., his sister, and Iowa Division of Criminal Investigation Special Agent Don Schnitker, each on separate occasions.

Even after the abuse stopped, Wanninger sent B.S. Facebook messages bragging about the abuse. He referenced ejaculating in B.S.'s mouth and stated, "If I disgust you why did you have it in your mouth[?]"

When confronted with this evidence at trial, Wanninger uniformly denied guilt, citing drug abuse and mental illness.

Wanninger was convicted of four counts of sexual abuse in the second degree and four counts of sexual abuse in the third degree. He was sentenced to a period of incarceration not to exceed thirty-five years, with a seventeen-and-one-half-year mandatory minimum. He also received a special life sentence pursuant

to section 903B.1 and was also placed on the sex offender registry and made subject to additional restrictions under section 692A.113.

Wanninger appeals, claiming his convictions are not supported by substantial evidence.

## II.     Standard of Review

We review sufficiency of the evidence claims for correction of errors at law. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). The jury's verdict binds us if it is supported by substantial evidence. *State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2022). "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* at 516–17. In determining whether substantial evidence exists to support a verdict, "we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that that may fairly and reasonably be deduced from the record evidence.'" *Id.* at 517 (citations omitted).

## III.     Analysis

To sustain a conviction for sexual abuse in the second degree, the State had to prove beyond a reasonable doubt that (i) Wanninger performed a sex act against B.S. (ii) while she was under the age of twelve years old. To sustain a conviction for sexual abuse in the third degree, the State had to prove beyond a reasonable doubt (i) Wanninger performed a sex act against B.S. (ii) while she was between the ages of twelve and fifteen years old.

Wanninger argues there is no evidence to corroborate B.S.'s allegations he sexually abused her. He argues he cannot be convicted because B.S.: (i) shared a room with her siblings, so she could not have been abused because her siblings

would have heard; (ii) did not make the allegations known until age nineteen; and (iii) did not report the abuse to police, but rather "some guy." He also argues B.S.'s testimony was vague and contradictory to some of her statements in her deposition.

"A sexual abuse victim's testimony alone may be sufficient evidence for conviction." *State v. Donahue*, 957 N.W.2d 1, 10-11 (Iowa 2021) (citing *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998); *State v. Knox*, 536 N.W.2d 735, 742 (Iowa 1995)). "Inconsistencies and lack of detail are common in sexual abuse cases and do not compel a jury to conclude the victim is not credible or that there is insufficient evidence to support a guilty verdict." *Id.* (citing *State v. Walker*, 935 N.W.2d 874, 881–82 (Iowa 2019); *Hildreth*, 582 N.W.2d at 170; *State v. Rankin*, 181 N.W.2d 169, 172 (Iowa 1970)).

B.S.'s testimony alone provides sufficient evidence to support Wanninger's convictions. B.S. testified Wanninger touched her genitals over her clothes starting when she was eight, then progressed to touching her genitals under her clothes, then progressed to performing oral sex until she was fifteen. She described how the abuse increased in frequency as she aged. The State's expert witness testified about how child sex abuse victims may have difficulty recalling specifics, such as time and place, especially when there are multiple instances of abuse.

Even if corroboration were required, other evidence supports Wanninger's convictions. B.S. knew Wanninger wore a penis ring when engaging in sexual activities. Wanninger unexpectedly scheduled a vasectomy once he learned B.S. had started menstruating, despite his and K.L.'s plan to have another child. K.L. testified she once saw Wanninger lingering in B.S.'s bedroom doorway in the

middle of the night. Wanninger himself confessed on four separate occasions to sexually abusing B.S.

After reviewing the record, we determine sufficient evidence supports Wanninger's convictions, irrespective of Wanninger's contention more weight should have been given to the defense expert's statements regarding false confessions given under duress. Wanninger is asking us to overturn the jury's credibility findings. That is not our role on a challenge to the sufficiency of the evidence. *See, e.g.*, *State v. Lampman*, 342 N.W.2d 77, 81 (Iowa Ct. App. 1983) ("The credibility of the witnesses and the weight to be given their testimony is a function of the factfinder."). A reasonable juror could find Wanninger committed these crimes beyond a reasonable doubt.

**AFFIRMED.**