# IN THE COURT OF APPEALS OF IOWA

_____

No. 24-1888
Filed January 7, 2026

_____

**Danny Lee Evans,**
Applicant–Appellant,

v.

**State of Iowa,**
Defendant–Appellee.

_____

Appeal from the Iowa District Court for Linn County,
The Honorable Lars G. Anderson, Judge.

_____

**AFFIRMED**

_____

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Tabor, C.J., and Greer and Buller, JJ.
Opinion by Tabor, C.J.

**TABOR, Chief Judge.**

Danny Evans faced three counts of sexual abuse for conduct against his teenaged stepdaughter. After negotiations with the State, Evans pleaded guilty to lascivious acts with a child. A few months later, Evans applied for postconviction relief (PCR), which the district court denied. Evans appeals, bringing claims of ineffective assistance of plea counsel and actual innocence. Because Evans fails to show that he was prejudiced by counsel's alleged omissions and did not meet the demanding standard to prove he was actually innocent, we affirm the district court's denial.

## I.       Facts and Prior Proceedings

After an argument between Evans and H.F.'s mother in 2021, fifteen-year-old H.F. told her mother that Evans had been sexually abusing her. During an interview at the child protection center (CPC), H.F. revealed that the abuse had been going on for three years. When questioned, Evans denied the allegations, calling his stepdaughter "lazy" and a "pig." The State charged him with three counts of sexual abuse in the third degree, class "C" felonies. On the day of trial, Evans signed a written plea admitting guilt to one count of lascivious acts with a child, a class "D" felony, in violation of Iowa Code sections 709.8(1)(e), 709.8(2)(b), and 903B.2 (2021). In exchange, the State agreed to dismiss the sexual abuse counts and to refrain from recommending prison at sentencing.

At the plea hearing, the court had a colloquy with Evans, who agreed that he reached a bargain with the State, reviewed the fourteen-page guilty plea with his attorney, had any questions answered by his attorney, and entered the agreement freely and voluntarily without any force or coercion. The court also informed Evans that he could ask for a deferred judgment. At sentencing, the court imposed a five-year indeterminate sentence, which was

suspended. It placed Evans on supervised probation for three years on the condition that he spend one year at a residential correctional facility.

In late 2021, Evans filed a PCR application. In it, he asserted: "I wanted to take this to trial to prove my [innocence,] but my court appointed lawyer didn't do his job getting ready for [the] case and was unhelpful[.] I didn't want to take a guilty plea I wanted to go to trial." He also requested PCR counsel, which the court granted. In his pretrial brief, Evans claimed ineffective assistance of counsel and actual innocence. As to his ineffective-assistance claim, Evans argued that his attorney "failed to properly investigate his case and advise him of the consequences of his plea. [Evans] did not want to enter a plea of guilty, and so his plea was not knowing and voluntary."

At the PCR trial, Evans testified and presented two other witnesses: his plea counsel and H.F.'s grandfather. Evans discussed why he believed his attorney was ineffective and reiterated his denial of the abuse allegations. To support that denial, he stressed the unlikelihood that the alleged abuse would go undetected, pointing to the family's "paper thin" bedroom walls. [1] Meanwhile, plea counsel testified to his approach in preparing Evans for trial. The grandfather, who admitted to health-related memory problems, claimed he never suggested to H.F.'s mother that Evans acted inappropriately with H.F., despite police reports showing that H.F.'s mother stated otherwise.

---

[1] Evans has two children of his own. H.F.'s mother has four children. Evans testified at the PCR hearing that he raised all four of them ever since they began dating in 2008 and married in 2009. And according to his testimony, some of the children were living in the house.

The district court denied relief, finding that Evans failed to show how any alleged ineffective counsel resulted in prejudice, and he failed to show actual innocence. Evans challenges the PCR denial.

## II.    Analysis

His challenge entails two claims. First, Evans argues he received ineffective assistance of counsel because his trial attorney "failed to conduct sufficient and reasonable investigation" and "failed to advise him of the effects of his guilty plea." Second, Evans contends he presented clear and convincing evidence to prove actual innocence. We address his claims one at a time.[2]

### A. Ineffective Assistance of Counsel

We use a two-prong test when analyzing ineffective-assistance claims. *Smith*, 7 N.W.3d at 726. To prove ineffective assistance, Evans must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) that failure resulted in prejudice. *Id.* If Evans fails to prove either prong, his claim is defeated, and we need not address the other. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

Under the first prong, we presume attorneys perform their duties competently. *Smith*, 7 N.W.3d at 726. To rebut this presumption, Evans must prove that plea counsel performed below the standard demanded of a reasonably competent practitioner. *See id.* To establish prejudice, Evans must

_____

[2] We review both claims de novo because they implicate constitutional rights. *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019). Effective assistance is guaranteed by the Sixth Amendment. *Smith v. State*, 7 N.W.3d 723, 725 (Iowa 2024). And article I, sections 9 and 17 of the Iowa Constitution allow "freestanding claims of actual innocence." *Schmidt v. State*, 909 N.W.2d 778, 781 (Iowa 2018).

show a reasonable probability that, but for counsel's unprofessional errors, "the result of the proceeding would have been different." *Id.* at 727 (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). So here, Evans needs to show a reasonable probability that had he received effective representation, he would have proceeded to trial rather than accept the plea deal. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

*Failure to investigate.* After addressing the lack of specificity in Evans's allegations that his attorney failed to sufficiently investigate the case, the district court focused on Evans's failure to establish how any alleged failure to investigate resulted in prejudice. We agree this claim can be decided on prejudice.

Evans outlines four grievances. First, he recalls that counsel only skimmed through the video of H.F.'s CPC interview with him. Second, Evans did not receive the police reports to review. Third, counsel did not interview other children who resided in the house with them. And fourth, plea counsel did not get a court order to allow Evans to be in the same room as H.F. during her deposition. Evans claims prejudice from these alleged failures because "had he been able to watch the CPC interview footage or review the police reports, he would have been able to point out inconsistencies and raise concerns." He also believes that being face-to-face with H.F. "would have made it more difficult for her to assert false allegation[s] against him."

But these claims do not meet the prejudice standard. Evans maintains that more investigation would have permitted counsel to build a better defense, and with a better defense, "[Evans] would have been less inclined to plead guilty." Yet Evans fails to identify what issues or inconsistencies he

would have raised, and he doesn't specify what further investigation would have revealed, making his claim of prejudice speculative. *See Tolbert v. State*, No. 15-1369, 2016 WL 1697074, at *2 (Iowa Ct. App. Apr. 27, 2016) (finding applicant failed to show prejudice because he failed "to confirm what evidence would have been discovered had proper investigation been made"); *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (finding applicant failed to show prejudice because he did not show "what an investigation would have revealed or how anything discovered would have affected the result"). Without supplying us with the results of any further investigation, Evans cannot show he would have proceeded to trial in the absence of these alleged omissions by counsel.

*Failure to advise Evans about the effects of a guilty plea.* On this claim, the district court again described Evans's allegations as vague. And the court found that in any event, counsel did not fail to advise Evans of the consequences of pleading guilty, nor did any alleged failure result in prejudice. We agree.

Guilty pleas must be made "voluntarily and intelligently." Iowa R. Crim. P. 2.8(2)(b). A district court must ensure that the accused understands the direct consequences of the plea. *Sothman v. State*, 967 N.W.2d 512, 523 (Iowa 2021). On collateral consequences, inaccurate advice can give rise to an ineffective-assistance claim. *Id.*

In contending that his plea was not knowing and intelligent, Evans claims he didn't understand what it meant to request a deferred judgment but believed he would receive a deferred judgment by accepting the State's offer. He also alleges that he took the deal, in part, because he learned that his grandfather "fell ill" and needed help. But the record reflects that counsel provided ample information about the plea deal. The plea court confirmed

that Evans reviewed the agreement with his attorney. That attorney-client discussion included information about a potential deferred judgment. The court asked Evans, "I understand that part of agreement is that . . . you could ask for a deferred judgment. Is that correct?" Evans responded, "Yes, sir." And the court again asked, "Is that your understanding," to which Evans responded, "That's my understanding, sir." And as far as caring for his grandfather, that motivation cannot be attributed to counsel. *See State v. Speed*, 573 N.W.2d 594, 596–97 (Iowa 1998) (distinguishing rationales for pleading guilty from voluntariness in entering a plea).

Even if counsel could have done more, Evans cannot show that he would have insisted on going to trial for three class "C" felony counts. The most he says on appeal is he "would not have made a plea agreement had it not been for these circumstances." For all the reasons above, we find Evans failed to prove his ineffective-assistance claims.

## B. Actual Innocence

Evans next argues the district court erred in rejecting his actual-innocence claim. To prove actual innocence, Evans "must show 'by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict [him].'" *Dewberry*, 941 N.W.2d at 5 (quoting *Schmidt*, 909 N.W.2d at 797). Under this demanding standard, Evans must show that he is factually and actually innocent. *Id.*

Evans highlights four circumstances to support his claim of actual innocence. First, he notes a lack of physical injury associated with the alleged sexual abuse, "weakening" this case to circumstantial evidence. Second, he mentions he had no felony convictions before this guilty plea, and that none of the other children he raised have made similar allegations against him.

Third, he claims H.F. made these allegations after witnessing a fight between Evans and her mother, during which Evans admits to saying "some pretty crappy things." From there, he believes H.F.'s mother coached H.F. to make these allegations. And lastly, he emphasizes he could not have abused her without detection due to the thin walls, the proximity of the bedrooms, and presence of three dogs in the house.[3]

But those circumstances do not meet the demanding standard in *Schmidt*. True, the minutes of testimony did not disclose physical evidence of the alleged sexual abuse or lascivious acts. But our courts "have often said that circumstantial and direct evidence are equally probative." *State v. Knox*, 536 N.W.2d 735, 742 (Iowa 1995). And H.F.'s testimony alone could have constituted substantial evidence of the crimes. *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) ("[A] rape victim's accusation need not be corroborated by physical evidence."). H.F. planned to testify in detail that Evans began abusing her in August 2017, which she remembered because he moved back in after a short separation from her mother. H.F. also planned to testify that the abuse occurred almost every night for three years. Based on that testimony, a reasonable fact finder could have found Evans guilty of the charged offenses. *See Schmidt*, 909 N.W.2d at 797.

We affirm the district court's denial of his PCR application.

**AFFIRMED.**

---

[3] As the State points out, none of these circumstances are newly discovered. The State argues that under *Schmidt*, newly discovered evidence is required for an actual-innocence claim. *See* 909 N.W.2d at 797. But because we can reject Evans's challenge on its merits, we assume without deciding that his actual-innocence claim is not barred. *See Cone v. State*, No. 23-1177, 2025 WL 547645, at *3 (Iowa Ct. App. Feb. 19, 2025).