# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0110
Filed April 15, 2026

---

**State of Iowa,**
Plaintiff–Appellee,
v.
**John Mark Toyne,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Carroll County,
The Honorable Christopher C. Polking, Judge.

---

**AFFIRMED**

---

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

---

Considered without oral argument
by Ahlers, P.J., Buller, J., and Bower, S.J.
Opinion by Ahlers, P.J.

1

**AHLERS, Presiding Judge.**

In 2024, the State charged John Toyne with continuous sexual abuse of a child in violation of Iowa Code section 709.23 (2022). The State alleged that Toyne sexually abused a child on multiple occasions in 2022 and 2023 when the child was eleven to twelve years old. A jury found him guilty.

Toyne appeals. He argues the evidence was insufficient to support his conviction. Specifically, he contends that section 709.23 requires proof of three or more acts of sexual abuse and the State only proved two.

We review sufficiency-of-the-evidence claims for corrections of errors at law. *State v. Uranga*, 31 N.W.3d 358, 364 (Iowa 2026). The jury's verdict is binding upon this court if supported by substantial evidence. *State v. Lindaman*, 30 N.W.3d 547, 555 (Iowa 2025). Evidence is substantial if it is sufficient to convince "a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* We view the evidence in the light most favorable to the verdict, including all legitimate inferences and presumptions fairly drawn from the evidence. *Id.*

The marshaling instruction to the jury required the State to prove three elements:

> (1) From January 2022 to November 2023, [Toyne] was eighteen years of age or older, and engaged in any combination of three or more acts of sexual abuse.

> (2) At least thirty (30) days elapsed between the first and last sex acts.

> (3) Acts of sexual abuse mean: (a) [Toyne] performed a sex act [on the child]. (b) [Toyne] performed the sex act while [the child] was under the age of 14 years.

In relevant part, the jury instructions defined a sex act to include any sexual contact: "(1) [b]y penetration of the penis into the vagina or anus; (2) [b]etween the mouth of one person and the genitals of another; [or] (3) [b]etween the genitals of one person and the genitals or anus of another." Toyne made no challenge to the marshaling and definitional instructions, so they established the law of the case for sufficiency-of-the-evidence purposes. *See Lindaman*, 30 N.W.3d at 555.

Toyne concedes he performed two sex acts on the child. But he contends the State failed to prove beyond a reasonable doubt that he performed a third sex act on the child. He highlights that the child testified in detail about the two instances of abuse that Toyne concedes. But as to a third instance of abuse, the child only testified in broad terms, stating there were ten to twenty other instances when Toyne forced her to perform oral sex on him. He contends this testimony was not detailed enough for the jury to conclude these separate acts of sexual abuse occurred.

We are not persuaded by Toyne's argument, as we do not require any particular level of detail of abuse to be provided by a witness before a jury may credit the witness's testimony. *See State v. Wilde*, 987 N.W.2d 486, 494 (Iowa Ct. App. 2022) ("We do not think our legislature intended to impose the strict requirement urged by [the defendant]." (quoting *State v. Yeo*, 659 N.W.2d 544, 551 (Iowa 2003))). Nor do we require corroboration of a sexual abuse victim's testimony. *See* Iowa R. Crim. P. 2.21(3); *State v. Mathis*, 971 N.W.2d 514, 520 (Iowa 2022). Moreover, for well over fifty years, we have recognized that a lack of detail is common in sexual abuse cases, especially when the victim is a minor. *See State v. Rankin*, 181 N.W.2d 169, 172 (Iowa 1970) ("A person should not be able to escape punishment for such a disgusting crime because he has chosen to take carnal knowledge of an infant

too young to testify clearly as to the time and details of such shocking activity."). The child's testimony that Toyne forced her to perform oral sex on him ten to twenty times in addition to the two unchallenged instances of abuse was sufficient to support the jury's finding that Toyne sexually abused the child at least three separate times. *See State v. Donahue*, 957 N.W.2d 1, 10–11 (Iowa 2021) ("A sexual abuse victim's testimony alone may be sufficient evidence for conviction."). And we defer to the jury's credibility and factual findings as they are "in the best position to judge whom and what to believe." *State v. Knox*, 536 N.W.2d 735, 742 (Iowa 1995).

Viewing the evidence in light most favorable to the verdict, we find there was sufficient evidence to support Toyne's conviction. As a result, we affirm.

**AFFIRMED.**